IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

Rodney L. Thomas and
Sandra D. Thomas, individuals

    Plaintiffs,

vs.                                                Cause No.:

Thor Motor Coach, Inc.,
a Foreign Profit Corporation, and
Ford Motor Company,
a Foreign Profit Corporation

    Defendants.

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, Rodney L. Thomas and Sandra D. Thomas, by and through their attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against Defendants Thor Motor Coach, Inc. ("Defendant Thor" or "Defendant Motorhome Manufacturer") and Ford Motor Company ("Defendant Ford" or "Defendant Chassis Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs Rodney L. Thomas and Sandra D. Thomas are individuals residing at 5818 Fanchers Mill Road, Sparta, Tennessee 38583.

2. Defendant Thor Motor Coach, Inc. is a foreign profit corporation doing business throughout the State of Indiana. Thor Motor Coach, Inc. may be served through its

registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3. Defendant Ford Motor Company is a foreign profit corporation doing business throughout the State of Indiana. Ford Motor Company may be served through its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

4. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

## COMMON AVERMENTS

5. On or about June 26, 2021, Plaintiffs purchased a new 2022 Thor Magnitude motorhome, VIN: 1FDFF6LT9MDA06097 from an Authorized Dealership (the "Subject Vehicle"). Please see Exhibit A: Purchase Agreement.

6. At the time of purchase, the Vehicle was accompanied by Defendant Thor's written warranty which provides for a one (1) year/15,000 mile limited basic warranty, six (6) year/50,000 mile lamination limited warranty, and twelve (12) year/100,000 mile structural limited warranty. The Subject Vehicle was also accompanied by Defendant Ford's written warranty which provides for a five (5) year/100,000 mile chassis warranty. (the "Warranties"). Please see Exhibit B: Pertinent Portion of Warranties. Warranties in their entirety are in Defendants' Possession.

7. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

8. Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

9. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

10. Shortly after purchase, Plaintiffs noticed defects in the Vehicle including but not limited to sunroof slide making noise, dent in bottom panel of refrigerator, shade above couch completely detached from roll, shade above kitchen table missing, curtain that attaches to wall behind seats missing, drawers under dinette seats have splinters, compartment door magnet missing, leak under rear bathroom sink, leak dripping at entry steps, ice maker line for refrigerator loose at water valve, shelving track missing, half bath door will not latch, closet missing rod, wires showing when bedroom slide out, master bath missing drain stopper, water filter falls out from under vanity sink when door opens, bedroom to bathroom sliding door damaged at bottom, living room shade will not raise and fell behind couch, generator will not start, converter defects, refrigerator does not stay on, footprint on ceiling, no night shades in living room, no valance over emergency exit window, batteries dead and not charged by running generator, sliding door to bedroom slams while driving, hot water defects, meat tray in refrigerator broken, generator does not stay running, passenger rear tires rubbing against wheel well, wheel crooked, window in bunk over cab has no screen, drawer under dinette will not stay shut, Check Engine light illuminating despite numerous repair attempts, thermostat defects necessitating replacement, groaning noise when going up or down hills, driveshaft defects despite numerous repair attempts, fog light defects, fuse box door will not stay closed, red warning light on control panel illuminating, bedroom drawer defects, pantry door damage, refrigerator door does not stay closed when driving, half bath will not flush, and generator is difficult to start.  Plaintiffs returned the Vehicle to Authorized Dealerships for repair on at least 4 (four) occasions.  Please see Exhibit C:  Repair Orders.

11. Subject Vehicle has been out-of-service for at least 122 (one hundred twenty-two) total days for the aforementioned repairs. Please see Exhibit C.

12. Despite the prolonged time during which the Subject Vehicle has been out-of-service, Defendants have failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

13. The defects experienced by Plaintiffs with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the Vehicle to operate as dependable transportation.

14. Despite Plaintiffs' repeated efforts to allow Defendants the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

15. The Vehicle still has issues including engine defects and interior defects.

16. Plaintiffs directly notified Defendants of the defective conditions of the Vehicle on numerous occasions and that they desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse Plaintiffs pursuant to their rights under State and Federal Laws.  Please see Exhibit D: Written Notification, and Exhibit E:  Return Receipt.

17. This cause of action arises out of the Defendants' Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

18. Plaintiffs seek judgment against Defendants in whatever amount Plaintiffs are entitled to, including equitable relief and consequential damages, along with the costs and expenses of this action.

19. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

20. Plaintiffs fully repeat and incorporate Paragraphs 1 through 19, as set forth above.

21. Defendant Thor extended to Plaintiffs a one (1) year/15,000 mile limited basic warranty, six (6) year/50,000 mile lamination limited warranty, and twelve (12) year/100,000 mile structural limited warranty.  Defendant Ford extended to Plaintiffs a five (5) year/100,000 mile chassis warranty (the "Warranties").

22. Plaintiffs, seeking to repair the Subject Vehicle, attempted to exercise Plaintiffs' rights under the Warranties.

23. Defendants have failed to honor the terms of the Warranties.

24. Defendants have failed or refused to repair the issues which include engine defects and interior defects.

25. As a result of the actions set forth above, Defendants have breached its warranty.

26. As a result of Defendants' breach of warranty, Plaintiffs have, and will continue to, suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

27. Plaintiffs fully repeat and incorporate Paragraphs 1 through 26, as set forth above.

28. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

29. Plaintiffs are "consumer"s as defined by 15 USC § 2301(3).

5

30. Defendants are "supplier"s and "warrantor"s as defined by 15 USC § 2301(4)(5).

31. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

32. 15 USC § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

33. The actions of Defendants as hereinabove described, in failing to tender the Subject Vehicle to Plaintiffs free of defects and refusing to repair or replace the defective Vehicle tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

34. Despite repeated demands and despite the fact that the Plaintiffs has complied with all reasonable terms and conditions imposed upon them by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

35. As a result of Defendants' breach of factory warranty as set forth above, and Defendants' failure to honor their obligations under their warranties, Plaintiffs have, and will continue to, suffer damages as enumerated above.

36. Defendants had a reasonable opportunity to remedy the defects in the Vehicle but have failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

37. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Vehicle;

(3) For Defendants to accept return of Subject Vehicle;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: June 29, 2022

                Respectfully submitted,

                LEMON LAW GROUP PARTNERS PLC

        By:    _/s/ Sara Douglass_____
                   Sara Douglass, Esq.
                   Lemon Law Group Partners PLC
                   48 North Emerson Avenue, Suite 400
                   Greenwood, Indiana 46143
                   Telephone No.: (888) 415-0610 ex. 5146
                   Facsimile No.: (888) 809-7010
                   sarab@lemonlawgrouppartners.com
                   eservice@lemonlawgrouppartners.com